W. E. STERNER, *Appellant*, v. B. H. ISSITT, *Appellee.*
No. 18,077.

SYLLABUS BY THE COURT.

AUTOMOBILES—*"Look Out"—Not a Request to Stop Machine.*
The expression "Look out," uttered by the driver of a horse
and buggy to the operator of an automobile on approaching
the automobile in a public highway, without any accompanying
signals or attending circumstances which might affect the
meaning of the words, can not be regarded as a request to the
operator of the automobile to stop and remain stationary
within the meaning of section 452 of the General Statutes of
1909, and in such a case the meaning of the expression is a
question for the determination of the court.

Appeal from Dickinson district court. Opinion filed
April 12, 1913. Affirmed.

*S. S. Smith,* of Abilene, for the appellant.

*C. S. Crawford,* of Abilene, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by the
appellant, W. E. Sterner, to recover damages from the
appellee, B. H. Issitt, for the loss of a horse which, it is
alleged, was occasioned by the negligence of the latter.
The brothers of appellant were driving a horse attached
to a buggy on a public highway going south, and were
approached by appellee traveling north in an auto-
mobile. Both were on the beaten part of the road, close
to the wire fence on the west side. When they came
within fifteen or twenty steps of each other the horse
showed fright and the driver shouted, using the ex-
pression, "Look out." The appellee then turned to the
right and passed on the east side of the road. When
the automobile was opposite the horse it plunged into
the wire fence, and was so badly injured as to be value-
less and shortly afterwards was killed. The only

charge of negligence alleged in the petition of appellant was that appellee failed to stop his car when appellant's brother called to him to "Look out." There was proof that the driver spoke twice to appellee, using the same expression both times, and that he intended it as a direction to appellee to stop. Appellee, however, testified that he heard the call, "Look out," but once, that he interpreted it to mean to turn out of the beaten road, and that he immediately did so, passing on the other side of the road.

It is conceded that the action was brought under the statute regulating the use of automobiles on public highways, which provides, in effect, that if a person in charge of an automobile approaches a vehicle drawn by a horse and the horse shows fright the driver of the automobile shall reduce the speed of the machine and, if practicable, turn to the right and give the road, and "if requested by signal or otherwise by the driver of such horse or horses or domestic animals, shall proceed no farther towards such animal or animals, but remain stationary so long as may be necessary to allow such horses or domestic animals to pass." (Gen. Stat. 1909, § 452.)

When the appellant had offered his evidence appellee demurred thereto, claiming that the evidence did not tend to establish a liability against appellee. The demurrer was overruled, the court holding that there was a disputed question of fact to be submitted to the jury. The testimony of appellee was then introduced, which was substantially like that offered by appellant, and on the whole evidence the jury returned a general verdict in favor of the appellant for the value of the horse. With the general verdict two answers to special interrogatories were returned, as follows:

"Ques. Did the driver of the horse request or signal the defendant to stop? Ans. Yes.

"Ques. If you answer the above question Yes, then

state by what language or in what manner was the request made. Ans. By the words Look out."

Appellee then moved for judgment on the special findings and the court granted the motion, holding that the interpretation of the expression "Look out" devolved on the court and that it did not amount to a request or signal to appellee to stop.

The only substantial dispute between the parties was whether the appellee failed to stop his automobile upon a request of the driver of the horse. That was the sole negligence alleged, and it is agreed that there was no request or signal to stop other than the admonition "Look out." It does not appear that these words have any local meaning, nor is there any claim that there was any accompanying motion or signal which might indicate a meaning other than that ordinarily applied to them. The meaning of the expression without accompanying signals or some attending circumstances which would affect its meaning was a question for the determination of the court. According to dictionary definitions, the meaning of the words is to exercise care rather than to proceed no further. The equivalents of the phrase are "take care," "be watchful," "take heed," and "act with prudence." In their popular signification and alone they do not import a request to stop or stand still. To convey that meaning such expressions as "halt," "keep back," "hold on," "stay there," "stand still," "pause" and "stop" might be used in a request to the operator of an automobile to proceed no farther. The option of whether the operator shall stop and remain stationary or pass around is given by the statute to the driver of the horses. The provision is arbitrary, and the automobile must be stopped if such a request is made by the driver of the horses. It is an easy request to make and should be made in words or signs which an ordinary man could understand. The words "Look out" might mean turn out,

slow down speed, muffle the noise, or pass as far to the other side of the road as possible. In some cases the driver of a nervous horse might prefer that the operator of the automobile would increase his speed and hurry on. He might conclude that there was less danger to pass on than to stop, and if he concludes to exercise the option and control which the statute gives him to arrest the approach of the automobile he should make his meaning plain enough for comprehension by the ordinary chauffeur. The expression used in this instance, whatever the driver of the horse may have meant by it, would not be ordinarily understood as a request to stop, and the interpretation placed upon it by appellee that it was a direction to turn out was not an unreasonable one. It is the duty of the operator of the automobile in approaching vehicles drawn by horses to handle his machine carefully, using every reasonable precaution to avoid the frightening of the horses which he may meet, and a liability will arise for injury or loss resulting from a neglect of this duty. Here, however, there was no claim of negligence excepting the naked charge that appellee did not stop when the driver called "Look out." The nonobservance of the statutory duty to stop on request is the only basis upon which a recovery is sought. That expression, as used, can not be regarded as a request to stop, and hence the decision of the trial court setting aside the general verdict and giving judgment for appellee must be affirmed.